**JOHNSON & JOHNSON, Plaintiff,**

v.

**APOLLO SALES, INC., Defendant.**

**JOHNSON & JOHNSON, Plaintiff,**

v.

**Irving JACOBS et al., Defendant.**

**JOHNSON & JOHNSON, Plaintiff,**

v.

**NORTHWEST WHOLESALE CORP., Defendant.**

**JOHNSON & JOHNSON, Plaintiff,**

v.

**A. ROSENBLUM, INC., Defendant.**

United States District Court
S. D. New York.

Feb. 1, 1961.

Rogers, Hoge & Hills, New York City (George M. Chapman, and C. Donald Mohr, New York City, of counsel), for plaintiff.

W. Edward Woods, New York City, for defendants.

EDELSTEIN, District Judge.

This is a motion for a preliminary injunction to enjoin defendant's alleged unfair competition in the form of price cutting. The facts and issues discussed herein apply to the case of Johnson & Johnson v. Apollo Sales, Inc. Counsel have agreed that the decision in that case will be dispositive of the application for a preliminary injunction in the remaining three cases.

Plaintiff is a manufacturer of surgical dressings, baby products, elastic products, ointments and other related articles. The products bear plaintiff's trade marks. Defendant is a registered pharmacy, engaged in the business of selling general merchandise, drugs and sundries in New York City. Plaintiff has entered into contracts with its retailers, in conformity with N. Y. Gen. Business Law, § 369–a, calling for minimum retail fair trade prices. The instant suit is brought pursuant to N. Y. Gen. Business Law, § 369–b, which makes sales at prices below those stipulated in fair trade contracts actionable as unfair competition. Jurisdiction is founded upon diversity of citizenship.

Defendant's sole ground in opposition to the motion is the contention that plaintiff and defendant compete in sales to industrial accounts, and plaintiff is thus barred under the doctrine of United States v. McKesson & Robbins, 1956, Inc., 351 U.S. 305, 76 S.Ct. 937, 100 L. Ed.2d 1209 and Esso Standard Oil Co. v. Secatore's, Inc., 1 Cir., 246 F.2d 17, certiorari denied 1957, 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46 from enforcing its resale price maintenance program.

In McKesson & Robbins, the Supreme Court held that a state authorized fair trade agreement between a wholesaler and a manufacturer competing with him in selling to retailers constituted proscribed horizontal price fixing. In Se-

catore's, primarily relied on by defendant, the First Circuit framed the primary issue as follows:

> "The critical, and as we see it the controlling, question before the court below and before us is whether the plaintiff and defendant are 'corporations in competition with each other.'"

246 F.2d at page 19. Finding that the parties were in fact competitors, the Court held that plaintiff was precluded from enforcing its fair trade agreements. Thus, if plaintiff and defendant here are competitors, plaintiff may not enforce its resale price maintenance program. See 66 Stat. 632, 15 U.S.C.A. § 45(a) (5).

The facts do not support defendant's contention that the parties are competitors. Defendant sells to individual consumers and to industrial accounts, who purchase Johnson & Johnson products for use in their businesses. Plaintiff, on the other hand, sells to no industrial accounts in New York City, nor does it solicit such accounts as direct purchasers. Plaintiff's sole industrial account in New York State is the General Electric Company in Schenectady. Plaintiff's characterization of such sales as wholesale sales does not by itself negative a competitive relationship between the parties. Yet the realities of the situation are such that defendant, a local merchant in New York City, can in no way be said to be competing with plaintiff for this account in Schenectady. All that plaintiff seeks to enforce is its fair trade prices at retail to the ultimate consumer. Notwithstanding defendant's claim, plaintiff does not compete with it in selling to industrial accounts. Moreover, sales to industrial accounts are specifically excluded from plaintiff's fair trade prices. See General Electric Company v. Hess Brothers, Inc., D.C.E.D.Pa.1957, 155 F.Supp. 57.

Since the facts upon this motion show that the parties are not in competition, there appears to be no substantial reason why plaintiff's injunction should not be granted. Defendant's acts are in violation of § 369–b of the N. Y. Gen. Business Law. Unless enjoined, their continuance pending trial will result in irreparable injury to plaintiff and may lead to the destruction of its fair trade structure and the impairment of its good will. The grant of injunctive relief will not prevent defendant from selling plaintiff's products. It will merely require that it sell them at the fair trade price.

The foregoing shall constitute the findings of fact and conclusions of law of the court.

The motions for preliminary injunctions are granted. Settle orders on notice within two weeks.